■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ELBERT COPELAND, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered July 15, 1959, after a jury trial, convicting him of robbery in the first degree and sentencing him, as a second felony

offender, to serve a term of 15 years to 40 years. Judgment reversed on the law and new trial granted. The findings of fact implicit in the jury's verdict are affirmed. The District Attorney's summation, in which he improperly sought to utilize the confession of the codefendant Williams as proof of this defendant's guilt, deprived defendant of a fair trial. This is particularly true in view of the failure of the trial court to give clear and sufficient instructions that the Williams confession had no place in determining the guilt or innocence of this defendant. In the absence of such instructions, the jury may well have drawn the inference that the court approved of the prosecutor's erroneous summation or acquiesced in it. In our opinion, under all the circumstances, the charge was inadequate to safeguard the right of the defendant to remain unaffected by the confession of his codefendant (*People* v. *Lombard*, 4 A D 2d 666; *People* v. *Schwarz*, 10 A D 2d 17; *Blumenthal* v. *United States*, 332 U. S. 539, 559–560). Nolan, P. J., Kleinfeld and Christ, JJ., concur; Beldock and Ughetta, JJ., dissent and vote to affirm on the ground that the errors, if any, did not affect any substantial right of the defendant (Code Crim. Pro., § 542).